IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHELLE LEE BATES )
)
v. ) No. 3:16-0082
)
NANCY A. BERRYHILL )
    Acting Commissioner of )
    Social Security[1] )

To:    The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") as provided under Title II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has filed a response. Docket Entry No. 14.

Upon review of the administrative record as a whole and consideration of the parties' filings, the Court recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12) be **GRANTED,** the decision of the Commissioner be **REVERSED**, and this matter be **REMANDED** for further administrative proceedings consistent with this Report.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

# I. INTRODUCTION

Plaintiff filed an application for a period of disability, DIB, and SSI on July 9, 2012. *See* Transcript of the Administrative Record (Docket Entry No. 8) at 108-09.[2] She alleged a disability onset date of September 1, 2011. AR 108-09. Plaintiff asserted that she was unable to work because of migraines, right foot surgeries, depression, and post-traumatic stress disorder ("PTSD"). AR 150, 154.

Plaintiff's applications were denied initially and upon reconsideration. AR 108-09, 142-43. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Scott C. Shimer on April 29, 2014. AR 38. The ALJ subsequently denied the claim on August 22, 2014. AR 6-8. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 24, 2015 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision and made the following enumerated findings based upon the record:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.

2. The claimant has not engaged in substantial gainful activity since September 1, 2011, the alleged onset date. (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

3. The claimant has the following severe impairments: history of foot surgery; migraine headaches; status post left distal radius fracture; obesity; depression; and anxiety/posttraumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\*\*\*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant has nonexertional limitations. Specifically, she can perform occasional pushing and pulling with the right lower extremity. In addition, the claimant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can perform frequent handling and grasping with the left, non-dominant upper extremity. The claimant also can perform simple, routine, and repetitive tasks. She can perform low-level detailed tasks, but she cannot make independent decisions at an executive level. The claimant is limited to jobs that require no contact with the general public and require only occasional contact with coworkers and supervisors.

\*\*\*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\*\*\*

7. The claimant was born on December 17, 1970 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

\*\*\*

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the

claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

***

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 11-25.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th

Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy

5

in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*,

853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428. 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform work with express limitations to account for her severe impairments, and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 11-25.

**D. Plaintiff's Assertion of Error**

Plaintiff argues that the ALJ erred by failing to consider or discuss the non-medical testimony of two individuals familiar with her condition. DE 13 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for an additional hearing before an ALJ. *Id*. at 11.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential

factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses Plaintiff's assertion of error below.

**1. Lay testimony.**

Plaintiff's sole assertion of error involves the ALJ's failure to reference in his opinion the testimony of Sierra Shay Burn, who appeared at the underlying administrative hearing, and a letter submitted by Hilda Margerum, a case manager at a homeless shelter in Illinois where Plaintiff resided in 2011 and 2012. Ms. Burn is a neighbor who testified that she spends time with Plaintiff each day and has observed the severe effects of Plaintiff's anxiety and chronic migraines. AR 60-63. She stated that Plaintiff "has really bad ...chronic headaches [and] very bad anxiety." AR 62. Ms. Burn also claimed that she assists Plaintiff with grocery shopping and that she has to send Plaintiff a text message before going to her house so that Plaintiff will not "freak out." AR 62-63.

Ms. Margerum's letter, dated May 13, 2014, describes some of the effects of anxiety, depression, and previous domestic abuse on Plaintiff's attempts at employment while residing at the shelter. AR 299-300. Mr. Margerum states that Plaintiff kept the curtains in her room drawn at the shelter because she "did not feel safe" and notes that Plaintiff "required a lot of support to make her feel safe." AR 299. Her letter further states that Plaintiff was unable to complete a maintenance training program while housed at the shelter due to "emotional issues" even though she was transported to and from her assigned job, and that Plaintiff experienced an increase in anxiety in March of 2012 when her former abuser obtained her telephone number and informed her that he was being released from prison. AR 300.

In support of her argument, Plaintiff relies on Social Security Ruling ("SSR") 06-03p, a policy interpretation ruling that explains how the Commissioner considers opinions from individuals who are not "acceptable medical sources" as defined in 20 C.F.R. § 404.1502(a). 2006 WL 2329939, *1 (August 9, 2006).[3] Plaintiff quotes the following portion of the ruling:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id*. at *6. Plaintiff claims that the ALJ erred by failing to mention the statements provided by Ms. Burn and Ms. Margerum, arguing that such statements represent "critical evidence in support of disability." DE 13 at 10. She also cites a case from the Eastern District of Michigan in which the court determined that an ALJ's failure to reference the opinions provided by two of the subject claimant's former supervisors rendered the ALJ's assigned RFC "tainted," thus necessitating remand. *See Lohr v. Comm'r of Soc. Sec.*, 559 F. Supp. 2d 784 (E.D. Mich. 2008). The Court finds both Plaintiff's argument and the *Lohr* decision persuasive, and thus concludes that the Commissioner's decision should be reversed and remanded for additional consideration.

The Court first notes that Defendant does not address Plaintiff's argument with respect to the *Lohr* decision, and in fact makes no reference to the case in its responsive brief. Defendant instead responds by claiming that "[t]here is no evidence that the ALJ ignored Ms. Burn while she was testifying," and noting that the ALJ "explicitly stated that he would not make a determination until he saw Ms. Margerum's statement." DE 14 at 10. This audacious argument not only places an impossible burden on Plaintiff to provide additional proof that the ALJ

---

[3] SSR 06-03p was rescinded on March 27, 2017. However, because Plaintiff's complaint was filed in 2016, the Court applies SSR 06-03p to the instant claim.

ignored Ms. Burn's testimony despite the ALJ's failure to even mention such testimony in his opinion, but also requires the undersigned to accept a promise from the ALJ that he *would* consider Ms. Margerum's letter as evidence that he *did* consider the letter. As noted by the *Lohr* court, it is instead the duty of the ALJ to provide some indication that these third party statements were considered. *See* 559 F. Supp. 2d at 793 ("Because the administrative decision gives no indication that [the third party] opinions were even considered, the requirements of SSR 06–03p were unmet."). The ALJ in this case clearly failed to do so.

Nonetheless, the ALJ's failure to comply with SSR 06-03p is subject to harmless error review. The Sixth Circuit has stated that "the court will remand [a] case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture ....'" *Berryhill v. Shalala*, 4 F.3d 993 (table), 1993 WL 361792, at *7 (6th Cir. Sep. 16, 1993) (quoting *Kurzon v. United States Postal Serv.,* 539 F.2d 788, 796 (1st Cir. 1976)). To this end, Defendant points to the Sixth Circuit's indication that the ALJ "need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). However, the ALJ is not permitted to "cherry-pick the record to support [his] conclusions, but [] must consider the evidence taken as a whole." *Davis v. Colvin*, No. 2:10-cv-0088, 2015 WL 3504984, at *6 (M.D. Tenn. May 28, 2015) (quoting *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984)).

The Court first addresses the ALJ's proffered reasons for his credibility determination. In rejecting Plaintiff's statements regarding the severity of her depression and anxiety, the ALJ found that such claims were inconsistent with the record based on a series of encounters at Volunteer Behavioral Health Care System ("Volunteer") between 2012 and 2014 during which

11

Plaintiff demonstrated normal appearance, organized thought process, normal thought content, and normal memory. AR 21, 354, 546-47, 552-53, 558-59, 564-65. Yet providers documented additional symptoms during each of these visits that appear to support Plaintiff's claims regarding the extent of her alleged depression and anxiety. On August 6, 2012, Plaintiff's symptoms included feelings of hopelessness, worthlessness, isolation, and sadness, as well as tearfulness, sleeping problems due to nightmares, and "constant worry that [she] can't turn off," all of which manifested on at least five days of the week. AR 346-47. Plaintiff similarly reported being very anxious on August 5, 2013 and October 28, 2013. AR 545, 551. On January 20, 2014, Plaintiff reported continuing nightmares and exhibited symptoms of depression and anxiety due to the impending release from prison of her ex-boyfriend, an individual who physically abused her on multiple occasions less than one year before the alleged onset of her disabling symptoms. AR 241-42, 557.

On April 14, 2014, a Volunteer provider wrote the following with respect to Plaintiff's condition: "It has been a bad mo[nth]. Abuser is to be discharged anytime. Sleep is ok when she does not have [nightmares] ... Depression is up." AR 563. Plaintiff had previously described her "constant fear of [the abuser] returning to find her and harm her following his release from prison" (AR 447), and additionally reported "her fear of him contributing to her fear of being in public." AR 416.[4] The Court also notes that one of documents cited by the ALJ in support of his determination, labeled "Ex. 4F, pg. 2," is not included anywhere in the administrative record.

The ALJ additionally relied heavily on two encounters involving Plaintiff's activities outside of her house as evidence that she experienced only moderate difficulties with social

---

[4] The police report documenting the grisly physical assault in question is included in the record (AR 234-35), along with the order of protection subsequently issued against the assailant. AR 236-48. Notably, there are multiple incidents of physical abuse referenced in the record. AR 330, 333.

interaction. On February 5, 2014, a provider noted that Plaintiff had gone to Buffalo Wild Wings to watch the Super Bowl. AR 519. The ALJ referenced this notation no less than three separate times in the opinion (AR 12, 21), yet the very next sentence in the subject office note indicates that Plaintiff had not otherwise left her house. AR 519. The ALJ similarly focused on an encounter from April 2, 2014 during which Plaintiff indicated that she had "been out to eat with a friend." AR 12, 21, 527. However, the office note also noted that Plaintiff continued to be "very anxious and depressed" (AR 527-28), symptoms that were again documented during the next visit on April 17, 2014, in addition to a provider's note that Plaintiff "hasn't been using any coping skills just sleeping all the time." AR 529.

Despite these potential deficiencies in the ALJ's explanation, the undersigned is mindful that an ALJ's credibility determination "may not [be] disturb[ed] absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (internal citations omitted). The Sixth Circuit has also stated that an ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)). However, the ALJ's failure to directly address conflicting evidence in the record is only excused if his "factual findings as a whole show that he implicitly resolved such conflicts." *Id.* Moreover, as noted by the *Lohr* court, SSR 06-03p holds that the ALJ should explain the weight given to "other source" opinions, such as those provided by Ms. Margerum and Ms. Burn, "when such opinions may have an effect on the outcome of the case." 2006 WL 2329939, at *6.

Here, the Court finds that Ms. Margerum's letter represents precisely the type of conflicting evidence that should have been addressed by the ALJ. Ms. Margerum describes

13

Plaintiff's reclusive behavior while residing at the homeless shelter following the aforementioned physical assault, including her tendency to stay in her room with the curtains closed and the lights turned down because "she did not feel safe." AR 299. Ms. Margerum notes that Plaintiff eventually refused to leave her room because she feared the assailant would find her. AR 299. Significantly, Ms. Margerum also describes Plaintiff's inability to complete a 20-hour per week job training program that was requisite for continued residence at the shelter, including the following discussion:

> Even though I empathized with [Plaintiff's] emotional issues, she had to be let go from the program in November 2011. From the time [Plaintiff] lost her employment in November until she left the [shelter] in July 2012, she displayed a series of emotions up and down. I never knew what to expect when meeting with her on [a] weekly basis. She was anxious one day and depressed the next time .... Things that I take for granted in just maintaining day to day[] was a problem for this young lady .... [T]he anxiety that she went through in the beginning only got worse in March 2012 when the abuser got her phone number and informed her that he was getting out [of prison] soon.

AR 300. Ms. Margerum was a case manager for Plaintiff while she was housed in the shelter, which suggests that she had particular insight as to the limitations preventing Plaintiff from performing work though the training program. *Cf. Lohr*, 559 F. Supp. 2d at 793 (holding that the opinions of two of claimant's supervisors should have been accorded "significant weight" based on the supervisors' weekly interactions with the claimant). Ms. Margerum's description of Plaintiff's condition aligns with Ms. Burn's testimony that Plaintiff rarely leaves her house and "has issues being around others" and appears to support Plaintiff's testimony that she struggles with social interactions. AR 49, 62. Such consistency between Plaintiff's symptom complaints and evidence in the record tends to support her credibility. *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011). The Court therefore finds that remand is necessary for consideration of the evidence provided by both Ms. Margerum and Ms. Burn.

For the sake of clarity, the Court stresses that the decision to remand is predicated on the ALJ's failure to discuss or even consider relevant evidence that at least arguably contradicts his credibility determination. As noted by Plaintiff, the ALJ's oversight is further underscored by the ALJ's erroneous claim with respect to his consideration of whether Plaintiff meets the criteria under Listing 12.04 that "there is no evidence on record of the claimant having lived in a highly supportive living environment." AR 13.[5] Mr. Margerum's letter, which documents Plaintiff's time at the homeless shelter, appears to directly refute this claim as a "highly supportive living arrangement" has been defined as including "*shelters or group homes*, inpatient psychiatric treatment, or an inability to live on one's own." *Nikodem v. Comm'r of Soc. Sec.*, No. 1:09-cv-270, 2011 WL 1357081, at *13 (W.D. Mich. Mar. 18, 2011), *report and recommendation adopted*, 2011 WL 1356947 (W.D. Mich. Apr. 11, 2011) (internal citations omitted) (emphasis added). *See also Rosic v. Comm'r of Soc. Sec.*, No. 1:09-cv-1380, 2010 WL 3292964, at *7 (N.D. Ohio Aug. 19, 2010). The ALJ's claim therefore provides additional evidence that he failed to consider Ms. Margerum's letter.

The Court also highlights an additional issue in the ALJ's opinion, which involves the ALJ's citation to exhibits that are not included in the administrative record. As previously discussed, the ALJ supported his credibility determination in part by citing to "Ex. 4F, pg. 2," an exhibit that is not contained in the administrative record. AR 21. In addressing the opinion

---

[5] Listing 12.04 is one of the impairments included in 20 C.F.R. § 404, Subpart P, Appendix 1 and contains specific criteria that, if met by the claimant, would direct the Commissioner to find the claimant "disabled without considering [her] age, education, and work experience." *Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1110 (6th Cir. 1986) (quoting 20 C.F.R. § 404.1520(d)). If the claimant has a listed impairment but does not meet the criteria, the ALJ can still find that the impairment is "medically equivalent" to the listing in question if the claimant has "other findings related to [the] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b).The Listings contained in 20 CFR Part 404, Subpart P, Appendix 1 have been amended as of March 27, 2017. However, because Plaintiff's complaint predated this amendment, the court relies on the pre-March 27, 2017 version of the regulation.

evidence of record, the ALJ cited "Ex. 5F and 6F" and "Ex. 11F," which appear to reference opinions provided by various State agency and consultative psychologists that are not contained in the administrative record. AR 21.[6] Such an omission is not insignificant in light of the Court's duty to "review evidence that was available to the [Commissioner] and [] determine whether the decision of the [Commissioner] is supported by substantial evidence." *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993) (internal citation omitted). Without access to evidence referenced in the ALJ's opinion, the Court is unable to determine whether such evidence represents substantial evidence in support of the ALJ's conclusion.

Based on the foregoing, the Court finds that the ALJ's decision was not supported by substantial evidence and that this matter should be remanded for consideration of both Ms. Margerum's letter and Ms. Burn's testimony.

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 12) be GRANTED and that the Commissioner's decision be REVERSED and REMANDED for further proceedings consistent with this Report and Recommendation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is

---

[6] The ALJ refers to "Ex. 4F" as an opinion provided by "Dr. Vincent, a consultative psychologist" (AR 21), yet there is no opinion from a Dr. Vincent in the record. The ALJ also identifies "Ex. 5F and 6F" as opinions provided by State agency psychologist Dr. Leslie Fryans, and "Ex. 11F" as an opinion completed "by another State agency source in April of 2011" (AR 21), yet no such opinions are found in the record. There are instead exhibits marked as "B4F," "B5F," "B6F," and "B11F" (*see* Table of Contents, page ID # 21-22), but these exhibits do not correspond to the opinions of any consultative examiners or State agency physicians. *See* AR 338-71, 417-18.

16

made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_____
BARBARA D. HOLMES
United States Magistrate Judge